[25 NYS3d 669]

In the Matter of Lester Wayne Mackey, a Suspended Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, March 2, 2016

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated July 2, 2015 (2015 NY Slip Op 78244[U]), the respondent was immediately suspended pursuant to 22 NYCRR 691.4 (l) (1) (i), (ii) and (iii); the Grievance Committee for the Tenth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon acts of professional misconduct set forth in a verified petition dated January 21, 2015; the respondent was directed to file his answer within 20 days upon service of him of a copy of the Court's decision and order on motion; and issues raised were referred to John P. Clarke, as Special Referee, to hear and report.

The Grievance Committee now moves to adjudicate the respondent in default for his failure to answer the petition within the time frame specified by the July 2, 2015 decision and order on motion.

The petition contains 13 charges of professional misconduct alleging, inter alia, that the respondent misappropriated client funds entrusted to him as a fiduciary incident to his practice of law; engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and prejudicial to the administration of justice; and failed to cooperate with the Grievance Committee in its investigation of multiple complaints of professional misconduct filed against him, despite repeated written demands.

A copy of the order to show cause seeking the respondent's immediate suspension, along with a copy of the verified petition, were personally served on the respondent on January 28, 2015. Although granted an extension of time to interpose a response, he served no response to the motion.

On July 20, 2015, the respondent was personally served with notice of entry of the July 2, 2015 decision and order on motion, together with another copy of the petition. To date, the respondent has neither served an answer to the petition, nor requested additional time in which to do so.

On September 8, 2015, the Grievance Committee personally served the respondent with a copy of the instant motion to adjudicate him in default. Although granted an extension of time, the respondent, to date, has not responded to the motion.

Accordingly, the Grievance Committee's motion is granted, the charges in the petition are deemed established, and, effec-

tive immediately, the respondent is disbarred upon his default and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Lester Wayne Mackey, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Lester Wayne Mackey, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Lester Wayne Mackey, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Lester Wayne Mackey, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).